# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# EIKINS

**VIRGINIA SUE STRICKER,**

    Plaintiff,

    v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

**CIVIL ACTION NO. 2:15-CV-15**
**(BAILEY)**

## ORDER ADOPTING REPORT & RECOMMENDATION

### I. INTRODUCTION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 21]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on October 30, 2015, wherein he recommends that defendant's Motion for Summary Judgment be granted and plaintiff's Motion for Judgment on the Pleadings be denied. On November 12, 2015, plaintiff timely filed objections to the R&R [Doc. 22]. Subsequently, defendant filed a Response to Plaintiff's Objections on November 17, 2015 [Doc. 23]. For the reasons set forth below, this Court adopts Magistrate Judge Trumble's R&R.

### II. APPLICABLE LAW

A. Standard of Review:

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Oripano v. Johnson**, 687 F.2d 44 (4th Cir. 1982); *citing* **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. **Veney v. Astrue**, 539 F.Supp.2d 841, 845 (W.D. Va. 2008); *citing* **United States v. Midgette**, 478 F.3d 616, 621-622 (4th Cir. 2007). Because plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made. The remainder will be reviewed for clear error.

B. Judicial Review of an ALJ Decision:

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." See 42 U.S.C. § 405(g). An administrative law judge's ("ALJ") findings will be upheld if supported by substantial evidence. See **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). The phrase 'supported by substantial evidence' means 'such relevant evidence as a reasonable person might accept as adequate to support a conclusion.' See **Perales**, 402 U.S. at 401, 91 S. Ct. at 1427 (citing

2

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216 (1938)). Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion.' *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the 'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.' *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). 'This Court does not find facts or try the case *de novo* when reviewing disability determinations.' *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976)." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

C.  Five-Step Evaluation Process:

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or

3

whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the [RFC] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]
>
> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that

the claimant is capable of performing.  *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968).  If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## III.  BACKGROUND

On February 18, 2015, plaintiff filed her Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  By standing order of the Court, this case was referred to United States Magistrate Judge Robert W. Trumble for proposed findings of fact and a recommended disposition.  Thereafter, plaintiff filed a Motion for Judgment on the Pleadings [Doc. 8] on June 2, 2015, and defendant filed a Motion for Summary Judgment [Doc. 10], on July 1, 2015.  The magistrate judge filed his Report and Recommendation on October 30, 2015, concluding that the ALJ made no legal errors and substantial evidence supported the ALJ's decision [Doc. 21].  Accordingly, the R&R recommends that the ALJ's decision be affirmed, the plaintiff's Motion for Judgement on the Pleadings be denied, and the defendant's Motion for Summary Judgment be granted [Id.].  Thereafter, plaintiff timely filed her Objections [Doc. 22] on November 12, 2015.  Defendant filed her Response [Doc. 23] to those objections on November 17, 2015.

## IV.  DISCUSSION

In response to the magistrate judge's R&R, plaintiff asserts a single, multi-part objection; namely, that the magistrate judge erred in finding that the ALJ had substantial evidence or adequate rationale for limiting Stricker to a "light" RFC [Doc. 22 at 2].  As that objection is multi-faceted, this Court will address the individual components in turn.

5

A. Plaintiff's Objection Regarding the Adequacy of State Agency Medical Opinions Used to Support the ALJ's Residual Functional Capacity (RFC) Assessment Finding:

In her first objection, plaintiff contends that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's decision because, "State agency medical opinions were inadequate to support the ALJ's RFC finding" [Doc. 22 at 3-5]. In support of this objection, plaintiff notes that she was examined by two State agency physicians, Dr. Henry Scovern and Dr. Porfirio Pascasio, on December 23, 2011 and April 24, 2012, who both determined that she was not disabled and had the requisite RFC to perform her past relevant work ("PRW") [Id. at 3; citing Doc. 5-3 at 2-8; 10-19]. Plaintiff contends that shortly after her examinations, she was seen by additional physicians who examined her for complaints of knee pain and osteoarthritis [Id. at 4-5]. These doctors purportedly found that plaintiff had serious knee issues, which eventually led to arthroscopic surgery, physical therapy, and, eventually, a knee replacement [Id.].[1] Plaintiff contends that this evidence was not properly considered by State agency medical consultants, and would have changed their opinion if they had viewed it [Id. at 5]. Plaintiff then takes an inexplicable logical jump, and argues that "the ALJ should be obligated to consider the entire record to reasonably determine if the evidence added after the medical opinions were rendered may have changed those opinions, and the Magistrate Judge did not hold the ALJ accountable for failure to meet his obligation to fairly weigh the entirety of the record" [Id.]. However, this first objection is without merit for several reasons.

---

[1] This Court notes that these additional examinations began on April 30, 2012 and continued through 2013 and 2014 [Doc. 22 at 4-5].

First, as defendant notes in her response, the regulations required the ALJ to consider the findings of State agency physicians because they are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). The ALJ is permitted, by statute, to weigh those opinions as she sees fit, so long as an explanation is provided. See 20 C.F.R. § 404.1527(e)(2)(ii). In her concluding argument, plaintiff insinuates that the ALJ should have all but disregarded the opinions of the State agency physicians, and instead should have relied upon the opinions of the independent medical examiners which she cited. As is noted by the language of the statute quoted above, this argument is fundamentally misplaced, as ALJs must consider the opinions given by State agency doctors.

Next, plaintiff argues that "key evidence" was formed and entered into the record after the State agency physicians rendered their opinions concerning plaintiff's RFC [Doc. 23 at 4]. However, a lapse of time between State agency physician opinions and the ALJ's decision does not render the opinion stale. See ***Chandler v. Comm'r of Soc. Sec.***, 667 F.3d 356, 361 (3d Cir. 2012) ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). The mere fact that time passed between Drs. Scovern and Pascasio's findings' and plaintiff's independent medical evaluations, "does not invalidate or otherwise undermine the opinions" of those doctors. ***Thomas v. Colvin***, 2014 WL 2892360 at *7 (N.D. W.Va. June 25, 2014) (internal citations

omitted); see also **Geiger v. Astrue**, 2013 WL 317564 (W.D. Va. January 27, 2013) ("The simple fact that [outside] opinions [with different outcomes] came later in time than the state agency opinions does not mean that they should be accorded greater weight."). Here, the ALJ did not conclude that any of the medical evidence received between the State agency physician's reports' submission and the hearing could change those opinions [Doc. 5-2 at 113-118]. As noted above, the ALJ has the sole responsibility for assessing the claimant's RFC; a State agency physician's opinion is merely a piece of evidence in that assessment. Here, the ALJ considered all relevant evidence about which Plaintiff complains.

Indeed, this Court has reviewed the record, and concludes that the ALJ independently reviewed the relevant evidence and assessed Plaintiff's RFC. In accordance with the statute, the RFC assessment in this case is based on all of the relevant evidence in the case record, not just the medical evidence. 20 C.F.R. § 404.1545. It is the ALJ's exclusive duty, as fact-finder, to make the RFC assessment. 20 C.F.R. § 404.1546(c). The ALJ determined that plaintiff retained the RFC to perform light work, the second least restrictive work available under the Commissioner's regulations, only after carefully examining the extensive evidence contained in the record.

For example, the ALJ noted that not one medical source identified limitations regarding plaintiff's functioning, nor did any source recommend that she use an assistive device [Doc. 5-2 at 118]. As the ALJ noted, Angela Miller, who treated plaintiff following her right knee surgery, described her as having a normal gait and station, consistent with the ALJ's assessment for light work [Id. at 117; citing Doc. 5-12 at 60-62]. Even before plaintiff had right knee surgery, her physical therapist noted she took a vacation that required her to "do . . . a lot of walking" [Doc. 5-12 at 49]. The ALJ further observed that

8

plaintiff described her pain as low as a "zero" and as high as a "five" out of ten, which denotes moderate, and not severe, pain [Doc. 5-2 at 117; Doc. 5-12 at 24]. The ALJ further found plaintiff's statements about the limiting effects of her impairments not entirely credible [Doc. 5-2 at 116].[2]

The ALJ also observed that plaintiff's day to day activities supported her ability to perform light work. For example, the ALJ noted that Dr. Gupreet S. Brar described plaintiff's functional status assessment as with regards to normal activities of daily living [Doc. 5-2 at 117; Doc. 5-4 at 3]. The ALJ also observed that plaintiff cared for her mother, did her own household chores, moved furniture while cleaning, and was able to babysit a young child [Doc. 5-2 at 117; Doc. 5-12 at 24-37]. Based upon the above and the entirety of the record, this Court finds that there is substantial evidence to support the ALJ's RFC assessment. The ALJ did not review small pieces of evidence alone, such as the State agency physicians' reports, as the plaintiff contends. Instead, the ALJ's opinion demonstrates that he reviewed all of the record evidence in forming the RFC finding in this matter. From this Court's own *de novo* review of the record, it is clear that substantial evidence supports the ALJ's RFC finding. Accordingly, plaintiff's first objection to the R&R is overruled.

B. <u>Plaintiff's Objection as to Whether Certain Evidence Confirms the RFC Finding</u>:

---

[2] While plaintiff challenged this finding in her opening brief, she did not do so in her objections [Doc. 22].

Plaintiff also complains that the RFC finding was in error, in part, because the ALJ purportedly relied on only portions of medical opinions that confirmed his RFC assessment [Doc. 22 at 5-7]. She contends that "the ALJ is required to discuss evidence that markedly contradicts the evidence he cited, especially when the ALJ's cited evidence is either incomplete or incorrect, calling into question the thoroughness of his review" [Id. at 6].[3] However, plaintiff's overarching contention that the ALJ ignored evidence that conflicted with his RFC assessment is without merit.

For example, plaintiff objects to the ALJ's reliance upon Dr. Brar's statement from April 2012 that she had "done well" from a rheumatological standpoint for the past year [Id. at 5; Doc. 5-2 at 117]. As noted by the defendant in her response to these objections, plaintiff attempts to isolate only a portion of the ALJ's larger findings and rationale, which, ironically, undermines the very foundations of her argument. Further, her specific objection related to Dr. Brar's rationale is without merit because the evidence indicates that plaintiff simply did not have the disability that she alleged at the time of the doctor's visit [Doc. 5-2 at 125; Doc. 5-6 at 5]. After conducting a full physical examination and review of plaintiff's treatment options, Dr. Brar described plaintiff's activities of daily living and her functional status assessment as "normal" [Doc. 5-12 at 3]. As such, her argument is misplaced.

She also objects to the ALJ's citation of a physical by Dr. Miller which documented the subjective complaints of "tenderness at the patella and pain with range of motion," because the ALJ did not mention that the same examination noted that plaintiff had a "small effusion, patella femoral crepitance, decrease in strength, and positive medial McMurray's

---

[3] Plaintiff does not cite any case or statutory law in support of this proposition.

sign" from the same exam relevant enough to include in his analysis [Doc. 22 at 5-6]. Plaintiff then contends that the ALJ "reasoned that her treatments had been 'generally successful' in controlling her pain, but then cited records that were unrelated to her knees" [Id. at 6]. As noted above, and for the same reasons cited relating to this Court's ruling on plaintiff's first portion of her objection, this Court concludes that substantial evidence supports that, during the relevant period, plaintiff could perform a limited range of light work as the ALJ found. Additionally, the ALJ found plaintiff not entirely credible and she does not contest that finding her objections. As such, this Court finds that the ALJ's finding as to plaintiff's RFC should be, and is, preserved. Plaintiff's objections are hereby overruled accordingly.

## V. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, plaintiff's Objections **[Doc. 22]** are **OVERRULED**. Thus, plaintiff's Motion for Judgment on the Pleadings **[Doc. 8]** is **DENIED**, and defendant's Motion for Summary Judgment **[Doc. 10]** is **GRANTED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 10, 2016

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE